TAN BBTJNT, P. J.
—The motion in this case does not appear to have been denied because of want of power, and therefore, if there were facts enough shown upon the motion to justify the court in refusing the injunction, there is no necessity for the discussion upon this appeal of the interesting constitutional questions sought to be presented. The affidavits upon the part of the plaintiff are to the effect that no pestilence or contagious disease had ever occurred in the building; that all the sinks and drains are in perfect sanitary condition, and have been continually kept in that condition, that the entire plumbing and drainage of the premises are in perfect condition, and that the heights of the .ceilings are seven feet seven inches. Upon the part of the defendant, affidavits were offered to the effect that the sink in the yard ivas filthy, emitting offensive odors, and sour smelling; that the cellar of the building ivas only five and one-half feet high, ivas not cemented, but damp, through want of ventilation; that many of the rooms of the tenement in question are ventilated from a narrow space, at the bottom of which there are accumulations of dirt and filth which render the air foul, impure, and unhealthy; and that the whole building is in a very offensive condition from dirt and vermin, is unfit for human habitation, and endangers the health of the occupants of the other houses in the vicinity. This state of the premises in question is sought to be established by the affidavits of several persons who had examined the premises. These particular allegations are in no way met by the plaintiff, who relies entirely upon the general allegations contained in her moving papers. If the premises in question were in the condition sworn to, they were a public, nuisance, Avhich the board of health Avas justified in summarily abating. Its continuance Avas a menace to the public health, and it is Avell settled that a public nuisance may be abated. United States Illuminating Co. v. Grant, 55 Hun, 222; 27 S. R. 767. This being the condition of the proofs before the court below, it Avas justified in refusing to interfere, as a court should not, e\ren if it had the power, except upon good cause shown, interfere in the measures taken by public officials to *772 protect the public health. If ,the defendants have acted without justification, the plaintiff has her remedy at law, which in this case would seem to be entirely ample.[1]
The- order appealed from should be affirmed, with $10 costs and disbursements.
All concur.

Laws 1883, c. 410 (Consolidation Act) § 599, provides that: “ Any person whose property may have been unjustly or illegally destroyed or injured pursuant to any order, regulation or ordinance or action of said board of health, or its officers, for which no personal liability may exist as aforesaid, may maintain a proper action against said board for the recovery of the proper compensation or damage to be paid by and from the funds of said board of health.”